Brandenburg & Brandenburg, Thomas S. Jackson, Washington, D. C., for plaintiff.

Bigham, Englar, Jones & Houston, New York City, Roy Leifflen, Richard W. Galiher, Washington, D. C., for defendant.

---

**Thomas T. KEANE, Plaintiff,**

v.

**The AMERICAN INSURANCE COMPANY OF CITY OF NEWARK, NEW JERSEY.**

**Civ. A. No. 3088–52.**

United States District Court District of Columbia.

Jan. 3, 1955.

BAILEY, District Judge.

The plaintiff was the owner and operator of a speed boat and obtained a policy of marine insurance from the defendant. The policy provides:

"It is understood and agreed that this insurance is free from claim for loss or damage:

"1. During such time as the vessel's engine is operating

"2. Resulting from the operation of the vessel's engine whether caused by a peril insured against or not."

During the operation of the speed boat a collision occurred with another boat and one passenger on the latter boat was

killed and another injured. Suit was brought against the plaintiff, charging that the collision was caused by the negligence of the plaintiff. The plaintiff then called upon the defendant insurance company to defend the action. The insurance company refused, claiming that under the provision of the policy it was not bound to defend the action. A compromise of the suit against the plaintiff was effected with the assistance of counsel employed by the plaintiff Keane. Thereupon, this suit was brought by the plaintiff.

Testimony was taken and with the consent of counsel two issues were submitted to the jury.

1. Was the engine of the plaintiff boat operating at the time of the collision?

The undisputed evidence was that the engine was not operating at the time of the collision but that the plaintiff had shut it off while endeavoring to avert a collision, not, as the defendant impliedly suggested, in order to comply with the terms of the policy.

2. Did the collision result from the operation of the engine of plaintiff's boat?

As to the liability of the plaintiff for the result of the collision, there is no question that his negligence was the proximate cause of the collision and his liability and the reasonableness of the amount paid in settlement of it is conceded, but the defendant contends that the fact that the plaintiff's boat had been put in motion by the engine constituted an additional or concurring proximate cause of the collision. It is true that had the engine not imparted the original motion to the boat the collision would not have occurred, but this fact seems to constitute rather a condition than a cause.

It was not the negligent operation of the engine, nor any explosion of it nor defect in it that caused the collision, but the cause of the collision was the negligent manner in which the boat was steered. In an ordinary collision between two automobiles, the cause of the collision is not the fact that the two cars were in motion imparted by their engine, but the manner in which the cars were driven.

The verdict of the jury was in the negative in answer to the two issues, and I see no reason to disturb the verdict. After all that may be said, the purpose of insurance is to insure.

The motion of the defendant for judgment notwithstanding the verdict is overruled and its motion for a new trial is also overruled.

The motion of the plaintiff for judgment is sustained in the amount fixed by the compromise settlement of the claim against the plaintiff, it having been stipulated that the amount fixed was reasonable.